IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KIARI SWAIN  #312-546           *

   Plaintiff                          *

       v.                              *       Civil Action Case No. DKC-11-3256

MARTIN J. O'MALLEY, et al.      *

   Defendants                         *
                                  ***

## MEMORANDUM OPINION

Kiari Swain, a self-represented plaintiff who is incarcerated at North Branch Correctional Institution, has supplemented his prisoner civil rights complaint.[1]  He claims: 1) prison guards threaten, provoke, and call him names such as "nigger" and "bitch"; 2) mental health providers fail to separate severely mentally ill inmates from the compound in lock-up, thereby allowing Swain to be assaulted;  3)"there is a big ring of corrupt racist white renegade prison guards at North Branch Correctional Institution who break the chain of command"; 4) the Warden violates "all of the Maryland Division of Corrections Directives";  5) the Acting Chief Psychologist does not supervise his staff; 6) Lt. Harbaugh does not allow mental health providers to make weekly segregation tier rounds on his unit due to security concerns; and 7) his food contains fecal matter and blood and he is denied showers and prescribed medication.  He demands damages and injunctive relief as redress.

Defendants shall respond to Swain's claims that they allow him to be assaulted by virtue of his housing placement and that he is kept in his cell 24 hours a day, 7 days a week.  Complaint

---

[1]  Swain has submitted a $35.00 to the Clerk, but has failed to comply with the court's order to submit the full $350.00 filing fee or file a motion for leave to proceed in forma pauperis.  The court will grant him leave to proceed in forma pauperis, subject to payment of the civil filing fee in installments after review of his prisoner account. *See* 28 U.S.C. § 1915 (b).

Supplement, ¶ 9. The remaining claims will be dismissed sua sponte for failure to state a claim upon which relief may be granted and/or as frivolous.[2]

## I.   STANDARD OF REVIEW

Title 28 U.S.C. § 1915A (a) requires initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Pleadings of self-represented litigants are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Liberal construction does not mean that the court can ignore a clear failure in pleadings to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Department of Social Serv*ices, 901 F.2d 387, 391 (4th Cir. 1990).

Rule 8(a) of the Federal Rules of Civil Procedure states, in part, that "[a] pleading that states a claim for relief must contain ... (2) a short and plain statement of the claim showing that the pleader is entitled to relief." "And, although the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant." *Rowe Price-Fleming Internation, Inc.,* 248 F.3d 321, 326 (4th Cir. 2001) (citation and internal quotations omitted). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007)). This plausibility standard requires a plaintiff to demonstrate more than "a sheer possibility that a defendant has acted unlawfully." *Id*. It requires the plaintiff to articulate facts that, when accepted as true, show that the plaintiff has stated a

---

[2]  By previous order, Martin O'Malley and Anthony Brown, the Governor and Lieutenant Governor of Maryland, were dismissed as Defendants in this case. Rod J. Rosenstein, Internal Investigation Unit, Dietary Staff Unknown, and Medical Staff Unknown will be dismissed as party defendants by order to follow.

claim entitling him to relief. *See Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 129 S.Ct. at 1949; *Twombly*, 550 U.S. at 557).

## II.   DISCUSSION

Swain's claims are addressed seriatim.

<u>Verbal Harassment</u>  Swain's first claim is prison guards harass and provoke him by calling him names. The use of vile or vulgar language is not a basis for a § 1983 claim. Comments that may constitute verbal abuse or harassment by themselves do not rise to the level of an Eighth Amendment violation. *See Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir.1979), cited favorably in *Moody v. Grove*, 885 F.2d 865 (4th Cir.1989) (table) (stating that as a general rule verbal abuse of inmates by guards, without more, does not state a constitutional claim).  The Constitution does not "protect against all intrusions on ones peace of mind." *Pittsley v. Warish*, 927 F.2d 3, 7 (1st Cir. 1991). Verbal harassment or idle threats to an inmate, even to an extent that it causes an inmate fear or emotional anxiety do not constitute an invasion of any identified liberty interest. *See Emmons v. McLaughlin*, 874 F.2d 351, 354 (6th Cir. 1989) (stating verbal threats causing fear for plaintiff's life not an infringement of a constitutional right); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir.1985) (calling an inmate an obscene name did not violate constitutional rights); *Lamar v.Steele,* 698 F.2d 1286 (5th Cir.1983) ("Threats alone are not enough. A [§] 1983 claim only accrues when the threats or threatening conduct result in a constitutional deprivation.").  Using racial slurs and abusive language is reprehensible and unprofessional.  It does not, however, form the basis for a § 1983 claim.

<u>Corrupt Prison Guards</u>   Swain's conclusory allegation about a ring of corrupt prison guards lacks any factual predicate or specifies what personal injury he has suffered as a result. Consequently this claim will be dismissed.

<u>Failure to Enforce Directives</u>   Swain's claim that the Warden's purportedly fails to enforce Department of Correction directives lacks factual prejudice or states what injury he suffered as a result of the actions alleged.  Swain fails to specify which directives are allegedly violated.  He alleges no facts in support. For these reasons, the claim will be dismissed.

<u>Failure to Supervise Psychology Staff</u>.  Swain alleges that he told Ms. L. Booth-Moulden he was hearing voices to set himself and his cell on fire.  He claims that when he tried to hang himself, Ms. Booth- Moulden did nothing to stop him.  Swain asked her to stop writing "false reports" on him.  Complaint supplement, ¶ 6.

Swain fails state how the Acting Chief Psychologist was allegedly deficient as a supervisor under the facts he alleges.   The court has already considered similar claims Swain raised against Ms. Booth-Moulden and granted summary judgment in favor of Ms. Booth-Moulden. *See  Swain v. Booth-Moulden*  Civil Action No. DKC-10-3317 (D. Md. 2011).

<u>Weekly Mental Health Rounds</u>   Swain alleges that due to security concerns Lt. Harbaugh does not permit mental health providers to make weekly rounds on the segregation unit.  There is neither constitutional provision nor federal law that guarantees inmates weekly visits to their cells from mental health providers. It bears noting that courts accord prison administrators "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Turner v. Safley*, 482 U.S. 78, 89 (1987).  Swain makes no allegations that his treatment was based on impermissible or improper considerations, and acknowledges mental health rounds on the segregation unit are limited due to security concerns.  Consequently, this claim will be dismissed because it is frivolous.

<u>Tainted Food, Showers and Prescribed Medication</u>  Swain provides no details to support these general claims.  He fails to state when he was served food allegedly tainted with blood or fecal matter or the evidence on which he bases this claim.  He provides no factual predicate to show Defendants deliberately tainted his food.  Similarly, Swain provides no basis to support his claims that he was denied showers or prescription medicine.  He does not allege what medication he failed to receive, when he was denied the medication, the names of the individuals who allegedly denied the medication, or any resulting harm.  He does not state how many showers he was allegedly denied or what harm he suffered as a consequence.

### III.   CONCLUSION

For these reasons the court will direct Defendants to respond to Swain's claims that they allow him to be assaulted by virtue of his housing placement and that he is kept in his cell 24 hours a day, 7 days a week.  The remaining claims shall be dismissed.  A separate Order follows.

/s/
DEBORAH K. CHASANOW
United States District Judge